**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**JEREMY NOEL,**

      **Plaintiff,**

**v.**

                                      **Case No. 8:07-cv-1128-T-TBM**

**MICHAEL J. ASTRUE,**
**Commissioner of the United States**
**Social Security Administration,**

      **Defendant.**
_____/

## O R D E R

THIS MATTER is before the court on Plaintiff's **Application for Attorney Fees Under the Equal Access to Justice Act** (Doc. 21) and Defendant's response (Doc. 22). By this motion, Plaintiff seeks an award of attorney fees of $3,010.62 payable directly to Plaintiff. Upon review of the pleadings, it is ordered that Plaintiff is awarded $2,805.50 in attorney's fees. This amount is to be paid pursuant to the Equal Access to Justice Act (hereinafter "EAJA"), 28 U.S.C. § 2412.

I.

Plaintiff filed an application for Social Security disability benefits, which was denied initially and upon reconsideration. The ALJ conducted a hearing and denied Plaintiff benefits, and the Appeals Council denied review. Subsequently, the Plaintiff filed this action seeking judicial review. On July 25, 2008, this court entered Judgment (Doc. 20) reversing the Commissioner's decision and remanding the case for further proceedings.

II.

The EAJA requires a court to award attorney's fees and costs to any party prevailing in litigation against the United States including proceedings for judicial review of agency action, unless the court determines that the position of the United States was substantially justified or that special circumstances exist that make an award unjust. 28 U.S.C. § 2412(d)(1)(A). Three conditions must be established before an award under the EAJA is appropriate. First, the claimant must file a timely application for fees. This requires the fee application to be filed within thirty days of the final judgment. Second, the claimant must qualify as the prevailing party. Third, the government's positions must not be "substantially justified" and no other special circumstances exist to make an award unjust. *Myers v. Sullivan*, 916 F.2d 659, 666 (11th Cir. 1990).

The first requirement, that the fee application be filed within thirty days of the final judgment, is jurisdictional in nature. *See* 23 U.S.C. § 2412(d)(1)(B); *Myers*, 916 F.2d at 666 (citing *Haitian Refugee Ctr. v. Meese*, 791 F.2d 1489, 1494 (11th Cir.), *vacated in part on other grounds on reh'g,* 804 F.2d 1573 (11th Cir. 1986)). A "final judgment" is one that is no longer appealable. *See* 28 U.S.C. § 2412(d)(2)(G); *Melkonyan v. Sullivan*, 501 U.S. 89 (1991). Since a judgment is no longer appealable sixty days after entry of judgment in Social Security actions, a plaintiff has ninety days from the date of entry of judgment in which to file for EAJA fees. *See* Fed. R. App. P. 4(a); *Myers*, 916 F.2d at 672. Here, judgment is final and Plaintiff's motion for fees is ripe for consideration.

In a Social Security action, a party who wins a remand order pursuant to sentence four of 42 U.S.C. § 405(g) is considered a prevailing party for purposes of 28 U.S.C. § 2412(d)(1)(A). *Shalala v. Schaefer*, 509 U.S. 292 (1993). Because this court remanded Plaintiff's case pursuant to sentence four of 42 U.S.C. § 405(g), Plaintiff, under *Schaefer*, is the prevailing party. Furthermore, upon consideration, the government's position was not substantially justified in this case, and the Commissioner does not contend otherwise. Therefore, an award of fees under the EAJA is proper.

In awarding attorney's fees, the primary factors to consider are the time expended and the hourly rate. *Andrews v. United States*, 122 F.3d 1367, 1375 (11th Cir. 1997) ("The starting point for determining a reasonable fee award is multiplying the number of attorney hours reasonably expended by a reasonable hourly rate."). The EAJA provides:

> the amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . (ii) attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

42 U.S.C. § 2412(d)(2)(A); *see also Meyer v. Sullivan*, 958 F.2d 1029, 1034 (11th Cir. 1992) ("Congress undoubtedly expected that the courts would use the cost-of-living escalator to insulate EAJA fee awards from inflation."). Here, Plaintiff seeks a fee totaling $3,010.62 based on 16.4 hours worked at an enhanced rate of $166.25 for hours worked in 2007 and at $167.13 for 1.7 hours worked in 2008. Plaintiff bases these calculations on the cost of living increases from the 1996 EAJA amendments to the time the work was performed.

Determining the prevailing market rate for work of this type during the relevant time period is not so easily determined.  In this court's experience in handling hundreds of Social Security appeals, fee applications under the EAJA for work performed during and after 2006 typically seek hourly rates ranging from $125.00 to in excess of $160.00 per hour.  Very competent counsel performing this type legal work have routinely sought only $125.00 per hour for their services.  The availability of qualified attorneys at lower hourly rates militates against a higher fee.  Despite this conclusion, the court acknowledges that counsel handling these Social Security disability matters perform a valuable service to often needy individuals in dire circumstances.

Upon consideration, the court finds that increases in the cost of living justify enhancement of the $125.00 hourly rate established by the EAJA.  Recognizing that there has been some increase in the cost of living since the court last increased the hourly rate it grants in these cases and given its discretion in these matters, this court previously approved an enhanced rate of $138.00 per hour in 2001, *see George v.Massanari*, Case No. 8:00-cv-369-T-TBM (M.D. Fla. June 22, 2001); $147.00 per hour from June 2003 forward, *see Phillips v. Barnhart*, Case No. 8:03-cv-949-T-TBM (M.D. Fla. Dec. 17, 2004); and $155.00 per hour from 2006 forward, *see Brown v. Astrue*, Case No. 8:06-cv-320-T-TBM (M.D. Fla. May 3, 2007).  Here, Plaintiff's counsel performed a total of 18.1 hours of work in 2007 and 2008. *See* (Doc. 21).  In light of this court's previous rulings regarding enhanced fees in Social Security cases, Plaintiff's counsel is entitled to an hourly rate of $155.00 for work performed in this case.  The total hours expended by Plaintiff's counsel are reasonable.

Accordingly, Plaintiff's **Application for Attorney's Fees Under the Equal Access to Justice Act** (Doc. 21) is **GRANTED** to the extent set forth herein. Plaintiff is awarded attorney's fees in the amount of **$2,805.50**. The Commissioner's remittance of this amount shall be made payable to Plaintiff and his counsel.

**Done and Ordered** at Tampa, Florida, this 29th day of August 2008.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies to:
Counsel of Record